# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0224** (Berkeley County 02-F-131)

**Wesley M.,**
**Defendant Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's *pro se* appeal arises from the Circuit Court of Berkeley County, wherein his motion to correct an illegal sentence was denied by order entered on February 7, 2012.[1] The State, by counsel Christopher C. Quasebarth, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2003, petitioner was sentenced to two terms of incarceration of ten to twenty years for his conviction on two counts of sexual abuse by a parent, and a determinate term of incarceration of two years for his conviction on one count of possession of material visually portraying a minor engaged in sexually explicit conduct, said sentences to run consecutively. Petitioner filed a direct criminal appeal to this Court, which was unanimously refused on September 9, 2004. Thereafter, petitioner filed a petition for writ of habeas corpus in the circuit court, which was denied. Petitioner then appealed that denial to this Court, which unanimously affirmed the denial by memorandum decision issued on May 16, 2011. On January 24, 2012, petitioner filed a *pro se* motion to correct an illegal sentence in the circuit court, which was denied. It is from this denial that petitioner appeals.

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of

---

[1] In keeping with this Court's policy of protecting the identity of minors and victims of sexual crimes, the petitioner in this matter will be referred to by his last initial.

1

law and interpretations of statutes and rules are subject to a *de novo* review."
Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 3, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010).

On appeal, petitioner argues that his sentence for possession of material visually portraying a minor engaged in sexually explicit conduct is unconstitutional and illegal because the title of Article 8C, Chapter 61 of the West Virginia Code is styled "Filming of Sexually Explicit Conduct of Minors," and he was convicted of possessing digital files containing such material. Petitioner argues that Article VI, § 30 of the West Virginia Constitution states that "[n]o act hereafter passed shall embrace more than one object, and that shall be expressed in the title. But if any object shall be embraced in an act which is not so expressed, the act shall be void. . . ." According to petitioner, his sentence is therefore illegal because the statute under which he was convicted prohibited only the filming of such material using analog technology. Petitioner further argues that this sentence is illegal because he was denied his right to a unanimous verdict by virtue of the circuit court instructing the jury that he was guilty if he possessed or displayed the prohibited material, and because of his acquittal on a separate crime due to the similar elements of knowledge contained therein.

In response, the State argues that West Virginia Code § 61-8C-3 states that a person is guilty thereunder if in possession of "any material" that portrays a minor engaged in sexually explicit conduct, and that the sentence is therefore lawful. Further, the State argues that the petitioner's sentence is not rendered illegal by the circuit court's instruction or by his acquittal on an unrelated charge.

To begin, the Court finds no merit in petitioner's argument regarding the criminalization of possession of digital images portraying a minor engaged in sexually explicit conduct. Petitioner was convicted under West Virginia Code § 61-8C-3, which states, in pertinent part, that it is illegal to "possess[] . . . any material visually portraying a minor engaged in any sexually explicit conduct." As such, it is clear that the statute contemplates criminalization of a wide range of materials and does not limit criminality to possession of only analog material. Further, the Court finds no merit in petitioner's argument regarding the circuit court's use of the disjunctive "or" in its instructions to the jury. The record shows that the circuit court stated that petitioner was guilty of the crime charged if he possessed or displayed the prohibited material. West Virginia Code § 61-8C-3 provides for multiple alternate methods of committing the same offense, and this instruction was therefore appropriate. Lastly, petitioner's sentence for this crime is not invalidated by his acquittal on a wholly unrelated crime charged under West Virginia Code § 61-8A-2(a).

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry, II